**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| STUART C. BODNER, | ) 3:12-cv-00636-MMD-WGC |
| Plaintiff, | ) **REPORT & RECOMMENDATION** </br> **OF U.S. MAGISTRATE JUDGE** |
| vs. | ) |
| CAROLYN COLVIN, Acting </br> Commissioner of Social Security, | ) |
| Defendant. | ) |

  This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

  Before the court is defendant Carolyn W. Colvin's, Acting Commissioner of Social Security, Motion to Dismiss. (Doc. # 10)[1] Plaintiff, who is represented by counsel, did not file a response.

## I. BACKGROUND

  Plaintiff filed his complaint on November 29, 2012. (Doc. # 1.)

  On July 22, 2013, the court issued a notice of intention to dismiss pursuant to Federal Rule of Civil Procedure 4(m) because Plaintiff had not filed a proof of service of the summons

---

[1] Refers to court's docket number.

1

and complaint. (Doc. # 6.) Plaintiff was given up to and including August 21, 2013, to file a proof of service showing that service took place prior to the expiration of the 120-day time limit set forth in Federal Rule of Civil Procedure 4(m), or show good cause why service was not made within that period. (*Id*.) Plaintiff was advised that failure to comply would result in dismissal of the action without prejudice. (*Id*.)

On July 23, 2013, the court issued an amended notice of intent to dismiss pursuant to Federal Rule of Civil Procedure 4(m), giving Plaintiff until August 22, 2013 (instead of August 21, 2013) to file a proof of service showing that service was made within the 120-day time period or show good cause why service was not made within that time period. (Doc. # 7.) Plaintiff was once again advised that failure to comply with the notice would result in dismissal of the action without prejudice. (*Id*.)

On July 31, 2013, Plaintiff filed a proof of service indicating that the summons was served on the U.S. Attorney's office in Reno, Nevada on July 31, 2013. (Doc. # 8.)

Then, on August 12, 2013, Plaintiff filed a copy of a return receipt indicating that service of the complaint, civil cover sheet, summons, and certificate of interested parties were served on Defendant on August 5, 2013. (Doc. # 9.) The return receipt indicates that delivery was made to Carolyn W. Colvin, Acting Commissioner of Social Security, at the Office of General Counsel in Baltimore, Maryland. (Doc. # 9 at 2.)

On September 30, 2013, Defendant filed this motion to dismiss arguing that Plaintiff did not properly effectuate service under Federal Rule of Civil Procedure 4(i), and that service which was accomplished (improperly) was untimely and no good cause was shown for the delay. (Doc. # 10.)

///

## II. DISCUSSION

Federal Rule of Civil Procedure 4(i) governs service of the United States, its agencies, corporations, officers or employees. Fed. R. Civ. P. 4(i). "To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States Attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington D.C.; and
> (C) if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
> Fed. R. Civ. P. 4(i)(1)(A)-(C).

Plaintiff served the United States Attorney's Office in Reno, Nevada (Doc. # 8), and indicates that the Commissioner of Social Security was served at the Office of General Counsel in Baltimore, Maryland (Doc. # 9), but it does not appear that the Attorney General of the United States was served in Washington, D.C. Accordingly, service was not proper under Rule 4(i).

In addition, Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.
> Fed. R. Civ. P. 4(m).

The Complaint was filed on November 29, 2012. (Doc. # 1.) Therefore, under Rule 4(m) the complaint was to be served on or before March 29, 2013. While Plaintiff filed documentation indicating that service was made on the U.S. Attorney's Office in Reno on July 31, 2013, and on the Commissioner at the Office of General Counsel in Maryland on August 5, 2013, service was not made within the 120-day deadline of March 29, 2013. Nor did Plaintiff make a good cause showing for the delay.

"'A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.'" *Crowley v. Bannister*, 734 F.3d 967, 974-75 (9th Cir. 2013) (quoting *Travelers Cas. & Sur. Co. of Am. V. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009)). "'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'" *Id*. at 975 (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)). "However, '[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.'" *Id*. (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)).

"Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect. Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action." *Crowley v. Bannister,* 734 F.3d 967, (9th Cir. 2013) (quoting *Lemoge v. United States*, 587 F.3d 1188, 1189 (9th Cir. 2009)).

Plaintiff was provided an opportunity to establish good cause for the failure to timely serve the Defendant by August 22, 2013, yet failed to do so. Plaintiff likewise failed to file any response to Defendants' motion. Nor has Plaintiff established excusable neglect which might allow the court to exercise its discretion to extend the time for service. Coupled with the fact that service was not properly effectuated under Rule 4(i), the court must recommend granting Defendant's motion to dismiss.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** Defendants' motion to dismiss (Doc. # 10).

The parties should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

DATED: March 1, 2014.

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**